IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **GRIGORII BASKAKOV,** | : |
| **Plaintiff,** | : |
| v. | : Case No. 4:23-cv-00161-CDL-MSH |
| **ICE,** | : |
| **Defendant.** | : |

## ORDER

*Pro se* Plaintiff Grigorii Baskakov, a detainee at the Stewart Detention Center in Lumpkin, Georgia, filed a pleading in the Northern District of Georgia which was docketed as a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the filing fee or request leave to proceed without prepayment of the fee. On September 14, 2023, Plaintiff's civil action was transferred to this Court. ECF Nos. 6 and 7. On September 25, 2023, this Court ordered Plaintiff to pay the filing fee or if indigent, file a motion to proceed *in forma pauperis* within fourteen days. ECF No. 9. Plaintiff did not respond. Therefore, on October 26, 2023, the Court ordered Plaintiff to show cause on why this complaint should not be dismissed for failure to respond to a court order or otherwise address the filing fee. ECF No. 16. Plaintiff has now submitted a motion to proceed *in forma pauperis*. ECF No. 19. For the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. However, Plaintiff must recast his complaint so that it complies with the Federal Rules of Civil Procedure and so that it states a claim for which relief may be granted.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears that Plaintiff is unable to prepay the full cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 19) is **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

Although ordered to submit six months of financial transactions signed by a detention official (ECF No. 9), Plaintiff states he encountered difficulty in obtaining the statutorily required documentation and has only submitted a signed balance sheet of his inmate account as of November 2, 2023 (ECF No. 19 at 2). Based on the limited information provided by the Plaintiff, the Court will construe the amount on this balance sheet as Plaintiff's average monthly balance. A review of Plaintiff's balance sheet shows a balance of $95.37. ECF No. 7 at 2. Twenty percent of this balance amount is $19.07. **Accordingly, if Plaintiff wishes to proceed with this action, he must pay an initial partial filing fee of $19.07.**

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this

2

**ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from custody, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the

3

filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Here, Plaintiff is a federal detainee held for deportation proceedings at the Stewart Detention Center. ECF No. 1 at 4. Plaintiff complains that his constitutional rights are being violated at the detention center. *See* ECF Nos. 1, 3, 12, 17, and 20. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (hereinafter referred to as "*Bivens*") allows for a claim against a federal agent who, while acting under color of federal law, has violated the constitutional rights of an individual. *See also Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir.2004). Because Plaintiff is a federal detainee complaining about the conditions

of his confinement, Plaintiff's civil action will be construed under *Bivens* and its progeny rather than 42 U.S.C § 1983 as the case was docketed in the Northern District of Georgia.

It appears Plaintiff has named ICE, a federal agency, as his Defendant. ECF No. 1 at 1; ECF No. 3 at 1. However, the United States Supreme Court has held that *Bivens* does not extend to allow causes of action against federal agencies such as Immigration and Customs Enforcement. *See F.D.I.C. v. Meyer*, 510 U.S. 471 (1994). The Supreme Court reasoned that if it "impl[ied] a damages action against federal agencies ... there would be no reason ... to bring damages actions against individual officers [and] ... the deterrent effects of the *Bivens* remedy would be lost." *Id*. at 485. The Supreme Court further found that "unlike in *Bivens*, there are 'special factors counselling hesitation' in the creation of a damages remedy [against a federal agency]. If we were to recognize a direct action for damages against federal agencies, we would be creating a potentially enormous financial burden for the Federal Government." *Id.* at 486 (citation omitted). Accordingly, naming ICE as a Defendant to a *Bivens* complaint is futile and subjects Plaintiff's civil action to dismissal.

Moreover, Plaintiff's complaint is subject to dismissal for violating many mandates of the Federal Rules of Civil Procedure. First, Plaintiff filed his complaint and then, thereafter, filed numerous addendums that have either amended his allegations or have raised additional claims. *See* ECF Nos. 1, 3, 12, 17, and 20. The Federal Rules of Civil Procedure provide that a party may amend his pleading only once as a matter of course prior to service. Fed. R. Civ. P. 15(a). Here, Plaintiff has repeatedly and impermissibly

amended his complaint. Furthermore, Plaintiff's original complaint and the amendments to that complaint appear to be a running log about entirely separate events from different dates that assert unrelated claims that are improperly joined into this single civil action. *See* ECF Nos. 1, 3, 12, 17, and 20. A plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). **Just because alleged events occur in one prison, jail, or detention center does not necessarily make claims about those allegations related under Rule 20.** *See e.g., Skillern v. Georgia Dept. of Corrections Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not

only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . .". Here, Plaintiff has failed to establish any common question of law or fact to his allegations, nor has he established a logical relationship amongst his numerous claims.

Additionally, the Court finds that Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." Plaintiff has further run afoul of Rule 10(b) of the Federal Rules of Civil Procedure which requires that a party must state its claims in paragraphs limited to a single set of circumstances. In short, Plaintiff's civil action is a typical shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both." *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022). Moreover, a shotgun pleading presents conditions where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief". *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). "Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir.2006). The leniency afforded to *pro se* litigants does not permit them to

file an impermissible shotgun pleading. *See Weiland*, 792 F.3d at 1321-23 (citations omitted). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Indeed, shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources." *Id*. (citation omitted). The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

Lastly, Plaintiff's complaint and his addendums thereto are a rambling, often indecipherable diatribe in which Plaintiff fails to attribute any of his claims to any individual; instead opting to allege that a mysterious "they" have committed a long list of wrongs. *See* ECF Nos. 1, 3, 12, 17, and 20. Conclusory references to "they," "staff," "employees," and "officials" fail to put any certain individual on notice of alleged wrongdoing. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (finding that as a general rule, "fictitious party pleading is not permitted in federal court"); *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Thus, collective liability, *i.e.*, when claims are brought against defendants such as "they/them," "all

positions," "staff," or "employees," is not permitted in a civil rights action and a plaintiff must name a specific official who committed the civil rights violation. *See id.*; *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (affirming dismissal as frivolous plaintiff's claims that "prison employees ... were conspiring to make [his] life miserable by poisoning virtually every item of food served to [the plaintiff] in the prison cafeteria, in his cell, and purchased at the canteen").

It is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure or so that he states a claim for which relief may be granted. *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action"). Rather than recommending dismissal of this shotgun complaint outright, the Court will afford the *pro se* Plaintiff one opportunity to remedy the defects as explained herein. *See Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies").

Thus, Plaintiff is now ordered to submit a recast complaint if he wishes to proceed. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the

present lawsuit.[1]  Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action.   It is also directed that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) What did this Defendant do (or not do) to violate your rights?  In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation?[2]  If not, how did his/her actions otherwise cause the unconstitutional action?   How do you know?

(3) When and where did each action occur (to the extent memory allows)?

(4) How were you injured because of this Defendant's actions or inactions?

---

[1] Plaintiff is cautioned that *Bivens* civil rights claims against employees of privately operated facilities such as Stewart Detention Center do not significantly advance in federal court.  See *Gonzalez v. Gillis*, 2022 WL 1164806, at *1 (5th Cir. Apr. 19, 2022) ("Neither the Supreme Court nor any circuit yet has recognized a cause of action under *Bivens* against employees of privately run prisons or private entities acting under color of federal law, *Minneci v. Pollard*, 565 U.S. 118, 131 (2012); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 63-64 (2001); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)"); *Minneci*, 565 U.S. at 131 ("[W]here ... a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law ... the prisoner must seek a remedy under state tort law.   We cannot imply a Bivens remedy in such a case.").

[2] Plaintiff is advised that supervisors such as Wardens and Deputy Wardens are liable only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them.  *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

(5) What relief do you seek from this Defendant?

The Court will presume that Plaintiff's claims are brought under *Bivens* unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not otherwise use legal terminology or cite any specific statute or case law. Additionally, Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed. If Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for … failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's amended complaint pursuant to this order will take the place of his original complaint and his supplemental pleadings. In other words, the Court will not refer to the original complaint or any of Plaintiff's amendments to the complaint to see if Plaintiff has stated a

viable claim.

The recast complaint must be submitted on the Court's standard form for *Bivens* complaints. Plaintiff is to thoroughly and completely answer each question presented in the standard complaint form including but not limited to his exhaustion of his administrative remedies such as the filing of grievances and providing a list of his previous federal lawsuits. Plaintiff is not to include any exhibits or attachments (i.e. grievance forms, medical request forms, etc.). ***The recast complaint must be no longer than ten (10) pages in its entirety and further supplements such as amendments, exhibits, affidavits, etc. to that complaint are prohibited unless ordered to do so by the Court.***

## CONCLUSION

Based on the foregoing, Plaintiff's motion to proceed in forma pauperis (ECF No. 19) is **GRANTED**. Plaintiff is **ORDERED** to pay an initial filing fee of $19.07 within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff is further **ORDERED** to recast his complaint on the Court's standard form following this Court's specific instructions above. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint as instructed. Plaintiff is to notify the Court of any change of address. **Plaintiff's failure to fully and timely comply with this Order may result in the immediate dismissal of this action.** There shall be no service of process upon any Defendant until further order of the Court.

The Clerk of Court is **DIRECTED** to forward a copy of this order and a *Bivens* complaint form (with the civil action number shown on all) to Plaintiff for his use in

complying with this order of the Court.

**SO ORDERED and DIRECTED**, this 20th day of November, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE
