## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| **GRIGORII BASKAKOV,** | : |
| **Plaintiff,** | : |
| v. | : Case No. 4:23-cv-00161-CDL-MSH |
| **ICE,** | : |
| **Defendant.** | : |

## ORDER

*Pro se* Plaintiff Grigorii Baskakov, a detainee at the Stewart Detention Center in Lumpkin, Georgia, filed a pleading in the Northern District of Georgia which was docketed as a complaint under 42 U.S.C. § 1983. ECF No. 1. On September 14, 2023, Plaintiff's civil action was transferred to this Court. ECF Nos. 6 and 7. On November 20, 2023, Magistrate Judge Stephen Hyles conducted a preliminary review of Plaintiff's civil action pursuant to 28 U.S.C. § 1915A(a). ECF No. 21. Plaintiff's civil action has been properly construed by the Magistrate Judge as an action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and its progeny rather than 42 U.S.C § 1983 since Plaintiff is a federal detainee complaining about the conditions of his confinement. *See id*. at 4-5. Moreover, the Magistrate Judge found many deficiencies with Plaintiff's civil action including an immune Defendant, fictitious party pleading, shotgun pleading, and improper joinder of unrelated claims. *Id*. at 5-9. Therefore, Plaintiff was ordered to recast his complaint on the Court's standard form for *Bivens* complaints and provided specific instruction on how to do so. *Id*. at 9-12. Plaintiff has

filed his recast complaint. ECF No. 22. He also filed motions to proceed *in forma pauperis* ("IFP"). ECF Nos. 2 and 15. His motions to proceed IFP are **GRANTED** and his complaint is **DISMISSED** as frivolous under 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW AND ANALYSIS

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*.[1] Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

---

[1] Plaintiff filed a motion to proceed *in forma pauperis* (ECF No. 19) which was granted on November 20, 2023 (ECF No. 21). Although Plaintiff was ordered to pay a partial initial filing fee, this Court will proceed with dismissing this case prior to receiving this fee. However, Plaintiff remains obligated to pay the filing fee in its entirety and collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected and forwarded to the Court by the warden of the institution wherein Plaintiff is incarcerated. *See* ECF No. 21 at 2-4.

28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

As previously stated, Plaintiff was ordered to recast his complaint and was given specific instructions on how to do so. ECF No. 21. Plaintiff was specifically instructed that "[t]he recast complaint must be submitted on the Court's standard form for *Bivens* complaints" and that "Plaintiff is to thoroughly and completely answer each question presented in the standard complaint form including but not limited to his exhaustion of his administrative remedies such as the filing of grievances and providing a list of his previous federal lawsuits". *Id*. at 12. Plaintiff was cautioned that "failure to fully and timely comply

with this Order may result in the immediate dismissal of this action". *Id*.   Plaintiff has not submitted his recast complaint on the Court's standard form as instructed.  *See* ECF Nos. 21 and 22.   Moreover, Plaintiff has failed to advise the Court of his efforts to exhaust his administrative remedies nor has he listed previous federal litigation as he was ordered to do.   *See id*.   Thus, Plaintiff's complaint can simply be dismissed for a failure to follow a Court order.   *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist*., 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for …failure to obey a court order."); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in *sua sponte* dismissing without prejudice prisoner's *pro se* § 1983 complaint for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint).

In addition to Plaintiff's failure to obey a Court order, Plaintiff's recast complaint is subject to dismissal as frivolous pursuant to § 1915A.   First, Plaintiff once again names "ICE" as his Defendant.   As Plaintiff was previously cautioned by the Magistrate Judge (ECF No. 21 at 5), *Bivens* does not extend to allow causes of action against federal agencies such as Immigration and Customs Enforcement. *See F.D.I.C. v. Meyer*, 510 U.S. 471 (1994). The Supreme Court reasoned that if it "impl[ied] a damages action against federal agencies ... there would be no reason ... to bring damages actions against individual officers

4

[and] ... the deterrent effects of the *Bivens* remedy would be lost." *Id*. at 485. The Supreme Court further found that "unlike in *Bivens*, there are 'special factors counselling hesitation' in the creation of a damages remedy [against a federal agency]. If we were to recognize a direct action for damages against federal agencies, we would be creating a potentially enormous financial burden for the Federal Government." *Id.* at 486 (citation omitted). Accordingly, naming ICE as a Defendant to a *Bivens* complaint is futile and subjects Plaintiff's civil action to dismissal as frivolous. Second, Plaintiff's recast complaint is replete with impossible scenarios, grandiose ideas, and unbelievable happenings. *See* ECF No. 22. Specifically, Plaintiff states that in his cell "was audiosystem what was make sound in [his] own voice, forcing thoughts in [his] mind, this audio system get control over [his] mind, [he] was thinking it [his] original thoughts until [he] put fingers in [his] ears and everything became alright". *Id*. Plaintiff further states that "[t]his audiosystem cause headaches, dizziness, confuse, disbalance in movements and thoughts control" and he seeks a million dollars in damages. *Id*. The liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios." *Id*. at 328; *Denton v. Harnandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional). Here, the

violations Plaintiff alleges and the relief he seeks are predicated upon factual allegations that are "fanciful, fantastic, irrational, and/or delusional."  *Porter v. Governor of the State of Fla.*, 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton*, 504 U.S. at 32-33). Therefore, Plaintiff fails to satisfy the minimal standards of rationality required at the preliminary screening stage and dismissal is appropriate.  *Gray v. U.S. Government*, 540 F. App'x 916, 917 (11th Cir. 2013) (citing *Denton*, 504 U.S. at 32-33). Accordingly, and for the reasons set forth above, Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous.[2]  28 U.S.C. § 1915A(b)(1).

**SO ORDERED** this 14th day of December, 2023.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Court realizes that dismissal with prejudice under 28 U.S.C. § 1915A is "an extreme sanction to be exercised only in appropriate cases." *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986).  This is an "appropriate case[]."  *Id*.  District courts have the inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F2d 524, 526, 526 n.3 (11th Cir. 1983). This case qualifies for such treatment because Plaintiff's allegations "'are clearly baseless and without arguable merit in fact.'" *Jordan v. Central Intelligence Agency*, No. 5:18-cv-455 (MTT), ECF No. 4 (M.D. Ga. Dec. 5, 2018) (quoting *Bey v. Sec'y, U.S. State Dep't*, 2018 WL 3135153, at *3 (M.D. Fla. 2018)); *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008)).